IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| HALO MINING LIMITED | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No.  4:24-CV-00090-O |
| | § | |
| NORTHDATA HOLDINGS, INC., ET AL., | § | |
| | § | |
| | § | |
| Defendants. | § | |

## OPINION & ORDER

Before the Court are Plaintiff's Motion for Attorney's Fees (ECF No. 80) and Plaintiff's Refiled Motion for Attorney's Fees (ECF No. 86). Defendants have not filed a response to either motion. After reviewing Plaintiff's Motions and the relevant case law, Plaintiff's Motion for Attorney's Fees (ECF No. 80) is **DENIED as moot** and Plaintiff's Refiled Motion for Attorney's Fees (ECF No. 86) is **GRANTED**.

### I.   BACKGROUND

This case stems from an agreement to mine crypto currency. Plaintiff Halo Mining Limited filed its Complaint on January 26, 2024 (ECF No. 1) alleging (1) breach of contract against Defendant Monbanc Corporation ("Monbanc"); (2) trespass to personality; (3) conversion; (4) violation of the Texas Theft Liability Act § 134.001, et seq. of the Texas Civil Practice and Remedies Code; (5) fraud by nondisclosure; and (6) conspiracy against Monbanc and Defendants NorthData Holdings, Inc. and Daniel Rafuse (collectively "Defendants"). A winding procedural history has followed.

Relevant here, in August 2024 and October 2024 Plaintiff served requests for admission on Defendants, to which Defendants did not respond. Without responding, Defendants then filed

a Motion for Summary Judgment on March 10, 2025 (ECF No. 47). Subsequently, Plaintiff filed a Motion for Summary Judgment on March 28, 2025, relying largely on the deemed admissions from Defendants' failure to respond (ECF No. 50). Over a month later, Defendants filed a Motion to Withdraw and Amend Deemed Admissions ("Admissions Motion") (ECF No. 60). The Court then referred the Admissions Motion to United States Magistrate Judge Hal Ray who held a hearing on May 15, 2025. The same day, Magistrate Judge Ray issued an order directing Defendants to file a status report listing the admissions they sought to withdraw and for Plaintiff to file a "Motion for Attorney's Fees relating to the cost to prepare and file [its] Motion for Summary Judgment and Response to Defendants' Motion for Summary Judgment."[1] Plaintiff then filed its Motion for Attorney's Fees. Defendants did not file a response.

Magistrate Judge Ray then entered an order on June 5, 2025, granting Defendants' Admission Motion ("Admission Order") conditioned on Defendants paying Plaintiff's Attorney's Fees within 14 days of receiving notice from the Plaintiff as to the amount owed (ECF No. 83). The Parties then filed a Joint Motion for Continuance requesting an extension of the deadline set by the Admission Order because they were attempting to resolve their dispute (ECF No. 84), which Magistrate Judge Ray granted (ECF No. 85). Apparently unable to settle their differences, Plaintiff filed its Refiled Motion for Attorney's Fees on August 8, 2025. Defendants have not filed a response. Plaintiff seeks $73,228.58 in attorney's fees. The Motions are ripe for the Court's review.

## II.   LEGAL STANDARD

To determine the appropriateness of an award of attorney's fees, district courts follow a two-step process. *Alexander v. City of Jackson Miss.*, 456 F. App'x 397, 399–400 (5th Cir. 2011) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). At step one, the Court makes its "lodestar"

---

[1] Order 2, May 15, 2025, ECF No. 77.

calculation in which it determines the reasonable number of hours expended on the litigation and the reasonable hourly rate to be charged and multiplies the hours expended by the hourly rate. *Id.* In determining the reasonable hours expended, courts may accept the attorney's adequately documented billing records but must exclude any time deemed excessive, duplicative, or inadequately descriptive. *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). At step two, the Court exercises its broad discretion to determine whether the lodestar should be adjusted upward or downward, taking into consideration the factors set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th 1974). *Alexander*, 456 F. App'x at 399–400 (cleaned up). Those factors include: (1) the time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney by acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 718. Though a district court has broad discretion to weigh these factors, "[t]he lodestar may not be adjusted due to a *Johnson* factor that was already taken into account during the initial calculation of the lodestar." *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013). Importantly, there is a strong presumption that the requested lodestar amount is reasonable, meaning it should only be modified if exceptional circumstances warrant an adjustment. *Watkins*, 7 F.3d at 457.

## III.   ANALYSIS

Plaintiff has filed two motions for attorney's fees related to the same set of events. Accordingly, the Court **DENIES as moot** Plaintiff's first Motion for Attorney's Fees (ECF No. 80) and considers instead Plaintiff's Refiled Motion for Attorney's Fees.

Local Rule 7.1 requires a "response and brief to an opposed motion must be filed within 21 days from the date the motion is filed." Although 21 days have long passed since Plaintiff filed its Refiled Motion for Attorney's Fees, Defendants have not filed a response or objected to Plaintiff's Motion.[2] Thus, the Court construes Defendants' lack of response or objection as an indication that Defendants are unopposed to the attorney's fees sought by Plaintiff.[3] However, even if Defendants are opposed, after reviewing Plaintiff's Refiled Motion for Attorney's Fees, the declaration of Plaintiff's counsel Jeremy L. Ross, and the attached billing records, and noting that Plaintiff has already taken a self-imposed twenty percent reduction to its fees, the Court finds that Plaintiff's requested attorney's fees are reasonable under the loadstar calculation. The Court also finds that the loadstar calculation should not be adjusted based on the *Johnson* factors. Thus, the Court **GRANTS** Plaintiff's Refiled Motion for Attorney's Fees.

## IV.   CONCLUSION

For the reasons stated above, Plaintiff's Refiled Motion for Attorney's Fees (ECF No. 86) is **GRANTED**. Accordingly, Defendants are **ORDERED** to pay Plaintiff **$73,228.58 no later than January 2, 2026**. Pursuant to Magistrate Judge Ray's conditions set forth in the Admission

---

[2] The Court notes that Defendants also did not file a response or objection to Plaintiff's first Motion for Attorney's Fees.
[3] Plaintiff's Refiled Motion for Attorney's Fees does not contain a certificate of conference indicating whether Defendant is opposed or unopposed, *see* L.R. 7.1(b), but Plaintiff's Motion states that the Parties could not agree on an appropriate amount of attorney's fees.

Order (ECF No. 83), if Defendants do not timely pay the above ordered amount of attorney's fees, Defendants' admissions will be deemed admitted.

    **SO ORDERED** on this **18th day** of **December, 2025.**

*[signature]*
Reed O'Connor
**CHIEF UNITED STATES DISTRICT JUDGE**